**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BOARD OF EDUCATION FOR THE
GALLUP-MCKINLEY COUNTY
SCHOOLS and MICHAEL HYATT, as
as its Superintendent of Schools,

       Plaintiffs,

v.                                    No. 1:25-cv-0890 JHR/DLM

STRIDE, INC., a Delaware limited liability
company d/b/a K12 Virtual Schools, Inc.,
JAMES RHYU, as the Chief Executive Officer
and Chair of the Board of Directors of Stride, Inc.,
PETER STEWART, as the Senior Vice President
of School Development for Stride, Inc., RYAN
STUTLER, as the Vice President of Finance
for Stride, Inc., and ADAM HAWF, as its
Superintendent of Schools,

       Defendants.

## ORDER TO AMEND NOTICE OF REMOVAL

**THIS MATTER** is before the Court sua sponte. Defendant Stride, Inc. ("Stride") removed this action to federal court on September 15, 2025, citing diversity jurisdiction. (Doc. 1 at 2–3.) "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered the Notice of Removal and the applicable law, the Court finds that the Notice fails to allege facts necessary to sustain diversity jurisdiction.

Federal "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). "When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant . . . may remove the action to federal court . . . ." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999) (quoting *Caterpillar Inc. v. Lewis*, 519 2 U.S. 61, 68 (1996)). The defendant, as the removing party, "bear[s] the burden of establishing jurisdiction by a preponderance of the evidence." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (citation omitted).

Here, the facts set forth in the Notice of Removal do not sufficiently establish the citizenship of Plaintiff Michael Hyatt or the individual defendants. In the Notice, Stride asserts that Plaintiff Hyatt is a citizen of New Mexico, citing the Original Complaint, which states that Hyatt "is a resident of [New Mexico]." (*See* Docs. 1 ¶ 6; 1-1 ¶ 2.) Stride further asserts that "James Rhyu is a citizen of Florida . . . Peter Steward is a citizen of Montana . . . Ryan Stutler is a citizen of Tennessee . . . [and] Adam Hawf is a citizen of Louisiana." (Doc. 1 ¶ 6.) In support, Stride cites the declaration of its Vice President of People Experience, Belinda Haagsma, attached as an exhibit. (*See id.*) The declaration, in relevant part, states that James Rhyu *resides* in Florida, Peter Stewart in Montana, Ryan Stutler in Tennessee, and Adam Hawf in Louisiana. (*See* Doc. 1-3 ¶¶ 5–8 (emphasis added).) "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citation omitted). Thus, there are insufficient facts to establish the citizenship of Plaintiff Michael Hyatt and Defendants James Rhyu, Peter Stewart, Ryan Stutler, and Adam Hawf.

2

Further, Federal Rule of Civil Procedure 7.1 requires: "In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must . . . file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor . . . when the action is filed in or removed to federal court . . . ." Fed. R. Civ. P. 7.1(a)(2)(A). Stride has yet to file its disclosure statement.

The Court will allow Stride the opportunity to remedy this defect. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1157 (D.N.M. 2015) (noting that "[t]he Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal") (gathering cases).

**IT IS THEREFORE ORDERED** that Defendant Stride, Inc. shall file an amended Notice of Removal to properly allege facts sufficient to establish diversity jurisdiction, if such allegations can be made in compliance with the dictates of Federal Rule of Civil Procedure 11, no later than **September 26, 2025**.

**IT IS FURTHER ORDERED** that no later than **September 26, 2025**, Defendant Stride, Inc. shall file a disclosure statement pursuant to Rule 7.1(a)(2).

**IT IS FURTHER ORDERED** that if Defendant Stride, Inc. fail to comply with this order, the Court may remand this action back to state district court.

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

3