IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOARD OF EDUCATION FOR
THE GALLUP-MCKINLEY COUNTY
SCHOOLS and MICHAEL HYATT as
its Superintendent of Schools,

        Plaintiffs,

v.          Case No. 1:25-cv-00890-JHR-DLM

STRIDE, INC., a Delaware limited liability
company d/b/a K12 VIRTUAL SCHOOLS,
LLC, JAMES RHYU, as the Chief
Executive Officer and Chair of the Board of
Directors of Stride, Inc., PETER STEWART
As the Senior Vice President of School
Development for Stride, Inc., RYAN
STUTLER, as the Vice President of Finance
for Stride, Inc., and ADAM HAWF, as its
Superintendent of Schools,

        Defendants.

## AMENDED[1] NOTICE OF REMOVAL

Defendant Stride, Inc. ("Stride")[2] hereby removes this lawsuit to the United States District Court for the District of New Mexico, and as grounds therefor states as follows:

**I.**     **Background and Procedural Prerequisites for Removal.**

1. Plaintiffs Board of Education for the Gallup-McKinley County Schools and Michael Hyatt as its Superintendent of Schools (together "Plaintiffs") commenced this action on August 27, 2025, in the Eleventh Judicial District Court, County of McKinley, State of New Mexico, Civil Action No. D-1113-CV-2025-00521, by the filing of Plaintiffs' "Verified Complaint for

---

[1] This notice of removal is amended in response to the Court's September 17, 2025, Order to Amend Notice of Removal

[2] Stride is incorrectly identified in the caption as "Stride, Inc., a Delaware limited liability company d/b/a K12 Virtual Schools, LLC." "Stride is a Delaware corporation … not a limited liability company." Decl. of Belinda Haagsma at ¶ 3, attached hereto as Ex. C. Furthermore, "K12 Virtual Schools, LLC is a subsidiary of Stride, not its d/b/a." *Id.* Although K12 Virtual Schools LLC ("K12") is not a party to this case, even if it were, complete diversity would remain because K12 is a Delaware limited liability company, and its members are citizens of Delaware and Virginia. *See id.* at ¶ 4.

Fraud, Unfair Trade Practices, Constructive Fraud, Civil Conspiracy, Tortious Interference with a Contract, Unjust Enrichment, Defamation, Negligent Misrepresentations, Prima Facie Tort, Malicious Abuse of Process, Declaratory Judgment, and Injunctive Relief" ("Complaint"). Copies of all pleadings filed in that action are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).

2. Stride accepted service of the Complaint on September 15, 2025. *See* 9/15/25 Email re Service, attached hereto as Ex. B. None of the remaining Defendants have been served with the Complaint. *See id.*; Docket, Ex. A.

3. This Amended Notice of Removal is filed in this Court within 30 days of service of the initial pleading in the case on Stride and within one year of commencement of this action. *See* 28 U.S.C. §§ 1446(b)(2)(B); (c).

4. The state court in which this action was commenced is within this Court's district. Venue is therefore proper under 28 U.S.C. §§ 111 and 1441(a).

II.   **This Court Has Diversity Jurisdiction Over This Action.**

5. This action is properly removable to federal court pursuant to 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship between all properly joined parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

   A.   **The Proper Parties to this Action are Citizens of Different States.**

6. The Complaint alleges that Plaintiff the Board of Education for the Gallup-McKinley County Schools (the "Board") is a citizen of the state of New Mexico. (*See* Compl. at ¶ 1, Ex. A.) The Complaint further alleges that Plaintiff "Michael Hyatt is a resident of McKinley County and is employed as the Superintendent of Schools for the Gallup-McKinley County

2

Schools and was employed as such at all times relevant to the Complaint." (*Id*. at ¶ 2.) "[P]roof that a person is a resident of a state is prima facie evidence that he is a citizen thereof and shifts burden of showing that his domicile and citizenship are elsewhere than at the place of his residence to the party so alleging." *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 302 n9 (10th Cir. 1968) (citation omitted). In addition to the prima facie evidence provided by his own Complaint, the publicly-available facts regarding Plaintiff Michael Hyatt ("Hyatt") confirm that he is domiciled in New Mexico and is a citizen of New Mexico. For example, Hyatt has lived and worked in New Mexico for at least the past twenty (20) years. *See* Molly Ann Howell, *Counting down the days*, Gallup Sun (Aug. 22, 2025), attached hereto as Ex. F. Furthermore, Hyatt's Voter Registration Information shows that Hyatt is registered to vote in New Mexico and has voted in New Mexico for twenty-five (25) years. *See* Voter Registration Information, attached hereto as Ex. G. "Voter registration is significant [for purposes of a domicile analysis] because any registration is limited to those who have a home in New Mexico to which, 'whenever [they] are absent,' they intend to return." *Gutierrez v. Ornelas*, No. 21-CV-01035 KRS/SMV, 2022 WL 3091308, at *3 (D.N.M. July 15, 2022) (quoting NMSA 1978, § 1-1-7(A)). Thus, Hyatt not only resides and works in New Mexico, as alleged in the Complaint, but he is also domiciled in New Mexico and a citizen of New Mexico.

7. The Complaint makes no allegations regarding the Defendants' citizenship. (*See generally* Compl.) Defendant Stride is a citizen of Delaware and Virginia. *See* Decl. of Belinda Haagsma, attached hereto as Ex. C. Defendant James Rhyu is domiciled in Florida and is a citizen of Florida. *See id.* at ¶ 5; Decl. of James Rhyu, attached hereto as Ex. H. Defendant Peter Stewart is domiciled in Montana and is a citizen of Montana. *See* Decl. of Peter Stewart, attached hereto as Ex. I; Decl. of Belinda Haagsma at ¶ 6. Defendant Ryan Stutler is domiciled

in Tennessee and is a citizen of Tennessee. *See* Decl. of Ryan Stutler, attached hereto as Ex. J; Decl. of Belinda Haagsma at ¶ 7. Defendant Adam Hawf is domiciled in Louisiana and is a citizen of Louisiana. *See* Decl. of Adam Hawf, attached hereto as Ex. K; Decl. of Belinda Haagsma at ¶ 8. Plaintiffs are therefore citizens of a different state than Defendants, and no Defendant is a citizen of New Mexico.

8. Pursuant to 28 U.S.C. §§ 1332 and 1441, there is complete diversity of citizenship between Plaintiffs and Defendants.

B.    **The Amount In Controversy Exceeds $75,000**

9. The amount in controversy for removal jurisdiction normally is determined by reference to allegations in the plaintiff's complaint. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Where a state rule of procedure provides that the amount of damages may not be included in the complaint, *see* Rule 1-008(A)(3) NMRA, then "the notice of removal may assert the amount in controversy." 28 U.S.C. §§ 1446(c)(2)(a). In that instance, the Court must examine the facts existing at the time of removal and determine whether those "establish the jurisdictional amount by a preponderance of the evidence." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). The Court may look to the substance and nature of the damages described in the pleadings. *McPhail v. Deere*, 529 F.3d 947, 955-56 (10th Cir. 2008).

10. Here, Plaintiffs' allegations demonstrate that they are clearly seeking more than the required $75,000 jurisdictional amount. Plaintiffs seek compensatory damages arising from Defendants' alleged torts (including fraud) that relate to an Education Products and Services Agreement (the "Contract") between the District and Stride, for which the District previously claimed Stride defrauded "[m]illions of public dollars." 6/30/25 District Ltr. at 5, attached hereto as Ex. D. In this lawsuit, Plaintiffs are not only seeking damages that arise from the Contract, but also damages associated with "legal counsel to recover unearned and illegal

4

compensation generated by Defendants actions and/or omissions," and "related costs and expenses," "punitive damages," "treble damages," "the loss, misappropriation and illegal transfer of the School District's monies for services not rendered," "the loss and harm to the liberty interests and reputations of the Plaintiff Hyatt," "each and every payment made by the School District after September 30, 2023," "any profits or unlawful gain obtained by Defendants," "overpayments to Defendant under the Agreement," "attorney's fees and costs associated with defense of the arbitration action," and "attorneys' fees and costs associated with defense of OMA complaint and administrative appeals," (*See* Compl. at ¶¶ 145, 147, 151, 173, 174, 186, 196, and the "WHEREFORE" paragraph following 245.)  The District's allegations of "each and every payment made by the School District after September 30, 2023" alone exceeds $100,000.  *See* Decl. of Ryan Stutler at ¶ 3, attached hereto as Ex. E.  Thus, all of Plaintiffs' alleged damages combined far exceed $75,000.

11. Stride denies Plaintiffs' contentions and all liability, and specifically denies that Plaintiffs are entitled to any damages whatsoever.

12. Accordingly, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Because this case is also between citizens of different states, it is within the original jurisdiction of the United States District Court.  *See* 28 U.S.C. §§ 1332, 1441.

13. Pursuant to 28 U.S.C. § 1446(d), promptly upon filing this Amended Notice, Stride will give written notice of the filing thereof to Plaintiffs and will file a copy of the notice with the Clerk of the Eleventh Judicial District Court in the County of McKinley, New Mexico, from which this action was removed.

WHEREFORE, Stride respectfully removes this action from state court into this Court for trial and determination.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____/s/ Krystle A. Thomas_____
   Nelson Franse
   Krystle A. Thomas
   Jack Brant
P. O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
FAX: (505) 768-7395
nfranse@rodey.com
kthomas@rodey.com
jbrant@rodey.com
*Attorneys for Defendant Stride, Inc.*

CERTIFICATE OF SERVICE

    I hereby certify that on September 26, 2025, I filed the foregoing pleading electronically through the Court's CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____/s/ Krystle A. Thomas_____
   Krystle A. Thomas

6