IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOARD OF EDUCATION FOR
THE GALLUP-MCKINLEY COUNTY
SCHOOLS and MICHAEL HYATT as
its Superintendent of Schools,

        Plaintiffs,

v.

STRIDE, INC., a Delaware limited liability
company d/b/a K12 VIRTUAL SCHOOLS,
LLC, JAMES RHYU, as the Chief
Executive Officer and Chair of the Board of
Directors of Stride, Inc., PETER STEWART
As the Senior Vice President of School
Development for Stride, Inc., RYAN
STUTLER, as the Vice President of Finance
for Stride, Inc., and ADAM HAWF, as its
Superintendent of Schools,

        Defendants.

Case No. 1:25-cv-00890-JHR-DLM

**DEFENDANT STRIDE, INC./K12 VIRTUAL SCHOOLS LLC'S
MOTION FOR LEAVE TO FILE MOTION TO COMPEL ARBITRATION
AND STAY PROCEEDINGS (AND RELATED BRIEFING) UNDER SEAL**

Defendant "Stride, Inc., a Delaware limited liability company d/b/a K12 Virtual Schools,

LLC"[1] ("K12"), by and through its counsel, Rodey, Dickason, Sloan, Akin & Robb, P.A. (Nelson

---

[1] Stride, Inc. is incorrectly identified in the caption of the Complaint as being the same entity as K12 Virtual Schools, LLC. *See* Complaint at 1 ("Stride, Inc., a Delaware limited liability company *d/b/a K12 Virtual Schools, LLC.*"); *see also id.* at para. 3 ("Defendant Stride, Inc. *d/b/a K12 Virtual Schools, Inc.* . . . is a for-profit business soliciting and doing business in the State of New Mexico providing virtual educational services."). As noted in Defendants' Amended Notice of Removal, dated September 26, 2025, Stride, Inc. is a Delaware corporation, not a limited liability company, *see* Am. Not. of Removal (Dkt. No. 5) at 1 n.2, and K12 Virtual Schools, L.L.C. is a subsidiary of Stride, Inc. not its d/b/a. *See id.* As discussed herein, Plaintiffs make clear throughout the Complaint that the entity to which the Board's claims are addressed is K12 Virtual Schools, L.L.C. (the Board's contractual counterparty) and not Stride, Inc., K12's parent company. *See, e.g.,* Compl. ¶ 8 ("Stride . . . contracted with Plaintiff Board of Education . . . to provide virtual educational services for students enrolled with the Gallup-McKinley County Schools."); *id.* ¶ 14

1

Franse), hereby respectfully moves this Court for an order permitting K12 to file under seal its Motion to Compel Arbitration and Stay Proceedings, and all related briefing, pursuant to Federal Rules of Civil Procedure 5.2(d) and 5.2(e)(2).

Pursuant to D.N.M. LR-Civ 7.1, concurrence in this motion was sought from counsel for Plaintiffs. Plaintiffs oppose this motion.

As grounds for this motion, K12 respectfully states as follows.

Contemporaneously with the filing of this motion, K12 has filed herein (under seal) its Motion to Compel Arbitration and Stay Proceedings, and its Memorandum of Law in Support of Motion to Compel Arbitration and Stay Proceedings, along with associated exhibits (collectively hereinafter "Motion to Compel"). The Motion to Compel contends that claims asserted by Plaintiffs herein are subject to mandatory, binding arbitration pursuant to Section 22.2 of the Educational Products and Services Agreement, entered into between the Gallup-McKinley County Schools (the "District") and K12 Virtual Schools LLC,[2] on or about June 16, 2020 (the "Contract"). A copy of the Contract is attached as Exhibit 1 to the Memorandum of Law in Support of Motion to Compel Arbitration and Stay Proceedings. The Motion to Compel requests an order referring the Plaintiffs' claims herein to arbitration, and staying further proceedings in this lawsuit regarding these claims, pending the conclusion of the arbitration.[3]

---

("Paragraph 9.2 of the Agreement with the School District provided that Defendant Stride is solely responsible to employ and supervise its employees . . . ."); *id.* ¶ 16 ("Paragraph 9.6 of the Agreement with the School District provided that Defendant Stride would arrange and pay for all background checks of its applicants and employees . . . "); *see also* Section II *infra*. This motion therefore refers to the first Defendant as "K12."

[2] In the EPSA, the District is identified as Gallup-McKinley County School District and K12 is identified as K12 Virtual Schools LLC.

[3] K12 is also filing contemporaneously herewith a motion to dismiss the claims of Plaintiff Michael Hyatt for failure to state a claim upon which relief can be granted.

2

A confidential arbitration being conducted under the auspices of the American Arbitration Association is presently ongoing between K12 and the District, pursuant to Section 22.2 of the Contract. The Motion to Compel seeks an order referring Plaintiffs' claims against K12 to that ongoing arbitration proceeding for resolution therein, as required under the Contract and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"); and staying further proceedings herein.

Section 22.2 of the Contract includes the following confidentiality provision:

> Except as may be required by law, neither a Party nor an arbitrator may disclose the existence, content or results of any arbitration hereunder without the prior written consent of both Parties.

The Motion to Compel necessarily and unavoidably identifies and discusses confidential aspects of the ongoing arbitration proceeding, in order to establish a basis for K12's contention that Plaintiffs' claims against K12 are subject to the arbitration agreement in the Contract. Therefore, in order to give effect to the confidentiality provision in the Contract, which prohibits the public disclosure of "the existence, content and results" of the arbitration proceeding, K12 hereby seeks leave to file the Motion to Compel, and all related materials, under seal.

Courts in this District will accept the filing of submissions and materials under seal where circumstances warrant such confidential treatment. In *Lucero v. State Farm Mutual Automobile Ins. Co.,* 2025 WL 2336924 *5 (D.N.M.), the Court held:

> There is a well-settled common-law right of access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99 (1978). But the right is not absolute. *Id.* at 598. "It is beyond question that this Court has discretionary power to control and seal, if necessary, records and files in its possession." *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).
>
> It is common practice to allow a filing to remain under seal while the Court decides whether the information should become public. *See, e.g., Crystal Grower's Corp.*, 616 F.2d at 461 ("[I]f the records in this Court are not sealed, we would be deciding sub silentio that those documents are not privileged or immune.").

In *Hawthorn v. Fiesta Flooring, LLC,* 2020 WL 3085921 *4 (D.N.M.), the Court stated that, in order to justify the filing of a document under seal, the requesting party "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process."

Here, both the District and K12 expressly agreed to resolve their disputes related to the Contract in a *confidential* AAA arbitration. Thus, under the terms of the parties' Contract, the arbitration proceeding, including the results thereof, shall remain confidential and not accessible to the public in any event. There are good grounds in these circumstances to permit the filing of the Motion to Compel under seal, thus keeping the "existence" and "content" of the arbitration confidential, in order to enforce and protect the parties' contractual right to confidentiality regarding the arbitration proceedings.

Courts considering sealing orders in the context of litigation related to confidential arbitration proceedings governed by the FAA have recognized the important confidentiality interests in arbitration—particularly where, as here, the parties have expressly agreed to keep all aspects of the arbitration confidential—and have granted sealing orders to protect such interests. In *In re IBM Arbitration Agreement Litigation,* 76 F.4th 74, 85 (2d Cir. 2023), the Court affirmed the district court's motion to seal a motion for summary judgment in order to protect and enforce a confidentiality provision in an arbitration agreement. The Court noted the FAA's "strong policy in favor of enforcing arbitral confidentiality provisions," *id.* at 78, and quoted with approval the district court's reasoning that:

> [T]he FAA's mandate requiring enforcement of arbitration agreements "according to their terms" favor[s] maintaining these documents under seal or in redacted form.

4

*Id.* at 85.  The Court went on to note that "courts must rigorously enforce arbitration agreements according to their terms."  *Id.* at 82 (citing *Am. Express Co. v. Italian Colors Restaurant,* 570 U.S. 228, 233 (2013)).

In *Stafford v. International Business Machines Corp.,* 78 F.4th 62 (2d Cir. 2023), the Court similarly held that the presumption of public access to judicial filings was outweighed by the FAA's strong policy protecting the confidentiality of arbitral proceedings, particularly where the parties have expressly agreed to maintain the confidentiality of the proceedings:

> Confidentiality is "a paradigmatic aspect of arbitration." *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008); *see also Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233, 133 S.Ct. 2304, 186 L.Ed.2d 417 (2013) ("[C]ourts must rigorously enforce arbitration agreements according to their terms." (internal quotation marks omitted)). We have affirmed decisions to keep judicial documents subject to confidentiality provisions in arbitration or settlement agreements under seal. *See, e.g.*, *Gambale*, 377 F.3d at 143-44 (confidential settlement); *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) (confidential arbitration award).

*Id.* at 71; *accord Billie v. Coverall North America, Inc.,* 2024 WL 4380618, at *3 (2d Cir.) (district court's order unsealing documents reversed because "the presumption of access to judicial documents is outweighed here by the interest in [an arbitration agreement's] confidentiality [provision]").

Consistent with these principles, K12 respectfully requests this Court to enforce the parties' arbitration agreement "according to its terms," and, in particular, the parties' agreement to maintain the confidentiality of the "existence, content or results" of the arbitration, by granting this motion to seal the Motion to Compel and all related materials.  In this case, as in the cited cases above, the presumption of access to judicial documents is outweighed by the parties' interest in upholding their agreement to keep their arbitration proceedings confidential, and the public

5

interest, enshrined in the FAA, in strict enforcement of arbitration agreements, including agreements to keep such arbitration proceedings confidential.

**WHEREFORE** K12 respectfully requests the Court to grant this motion and enter an order providing that K12's Motion to Compel Arbitration and Stay Proceedings, currently filed under seal, and all briefing related to that motion, shall be filed and remain under seal pursuant to the confidentiality provision of the parties' arbitration agreement.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By  */s/ Nelson Franse*
     Nelson Franse
     Krystle A. Thomas
     Jack Brant
P. O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
FAX: (505) 768-7395
nfranse@rodey.com
kthomas@rodey.com
jbrant@rodey.com
*Attorneys for Defendant Stride, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2025, I filed the foregoing pleading electronically through the Court's CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By  */s/ Nelson Franse*
     R. Nelson Franse