IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOARD OF EDUCATION FOR
THE GALLUP-MCKINLEY COUNTY
SCHOOLS and MICHAEL HYATT as
its Superintendent of Schools,

        Plaintiffs,

v.                                                                      Case No. 1:25-cv-00890-JHR-DLM

STRIDE, INC., a Delaware limited liability
company d/b/a K12 VIRTUAL SCHOOLS,
LLC, JAMES RHYU, as the Chief
Executive Officer and Chair of the Board of
Directors of Stride, Inc., PETER STEWART
As the Senior Vice President of School
Development for Stride, Inc., RYAN
STUTLER, as the Vice President of Finance
for Stride, Inc., and ADAM HAWF, as its
Superintendent of Schools,

        Defendants.

## DEFENDANT STRIDE, INC./K12 VIRTUAL SCHOOLS LLC'S MOTION TO DISMISS PLAINTIFF MICHAEL HYATT'S CLAIM FOR DEFAMATION

Defendant "Stride, Inc., a Delaware limited liability company d/b/a K12 Virtual Schools, LLC"[1] ("K12") hereby moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the

---

[1] Stride, Inc. is incorrectly identified in the caption of the Complaint as being the same entity as K12 Virtual Schools, LLC. *See* Complaint at 1 ("Stride, Inc., a Delaware limited liability company d/b/a K12 Virtual Schools, LLC."); *see also id.* at para. 3 ("Defendant Stride, Inc. d/b/a K12 Virtual Schools, Inc. . . . is a for-profit business soliciting and doing business in the State of New Mexico providing virtual educational services."). As noted in Defendants' Amended Notice of Removal, dated September 26, 2025, Stride, Inc. is a Delaware corporation, not a limited liability company, *see* Am. Not. of Removal (Dkt. No. 5) at 1 n.2, and K12 Virtual Schools, LLC is a subsidiary of Stride, Inc. not its d/b/a. *See id*. As discussed herein, Plaintiffs make clear throughout the Complaint that the entity to which the Board's claims are addressed is K12 Virtual Schools, LLC (the Board's contractual counterparty) and not Stride, Inc., K12's parent company. *See, e.g.*, Compl. ¶ 8 ("Stride . . . contracted with Plaintiff Board of Education . . . to provide virtual educational services for students enrolled with the Gallup-McKinley County Schools."); *id*. ¶ 14 ("Paragraph 9.2 of the Agreement with the School District provided that Defendant Stride is solely responsible to employ and supervise its employees ...."); *id*. ¶ 16 ("Paragraph 9.6 of the Agreement with the School District provided that Defendant Stride would arrange and pay for all background checks of its applicants and employees ..."). This motion therefore refers to the first Defendant as "K12."

defamation claim brought by Plaintiff "Michael Hyatt as its Superintendent of Schools"[2] ("Hyatt"). Hyatt's claim of defamation, alleged in Count VII of the Verified Complaint ("Complaint") fails to state a claim against K12 for which relief can be granted, and his defamation claim must be dismissed as a matter of law.[3] Hyatt's concurrence was sought prior to the filing of this Motion, but concurrence was denied.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal where the allegations in a complaint fail to state a claim for relief. "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of the allegations of a complaint is a question of law for the Court to decide, after "accept[ing] all the well-pleaded allegations . . . as true and [construing] them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation & internal quotation marks omitted). Nevertheless, the complaint must plead sufficient facts that, when taken as true, provide "plausible grounds" that the case will yield evidence to support a plaintiff's allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A plaintiff must "allege[ ] facts supporting

---

[2] As reflected in the Memorandum of Law in Support of Stride Inc./K12 Virtual Schools, LLC's Motion to Compel Arbitration and Stay Proceedings ("Memorandum"), Hyatt purports to bring all of his claims against K12 in his capacity as the District's Superintendent of Schools and, therefore, Hyatt's claims are treated as claims brought by the District as a matter of law. (*See* Memorandum at 20-21.) Because "a government entity cannot bring a libel or defamation action," this is yet another reason why this Court should dismiss the defamation claim. *281 Care Committee v. Arneson*, 638 F.3d 621, 635 (8th Cir. 2011) (citing *New York Times v. Sullivan*, 376 U.S. 254, 291 (1964) (noting no court "of last resort in this country has ever held, or even suggested, that prosecutions for libel on government have any place in the American system of jurisprudence" (internal quotations omitted))).

[3] As explained in the Memorandum, K12's position is that Hyatt's defamation claim is subject to arbitration and should be stayed. (*See* Memorandum at 20-21.) This motion is being filed in the alternative in the event that the Court does not stay and compel arbitration with respect to Hyatt's defamation claim.

2

all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## II. ARGUMENT

### A. Hyatt's Defamation Claim Must Be Dismissed Because He Failed to Plead Sufficient Facts to Support his Claim that K12 Made Defamatory Statements.

UJI 13-1002 NMRA provides the elements that a plaintiff must prove to establish a prima facie case for defamation. *See Smith v. Durden*, 2012-NMSC-010, ¶ 28 (discussing how this instruction states the elements for defamation under New Mexico law). Under this instruction, a plaintiff must show: (1) the defendant published the communication; (2) the communication contained a statement of fact; (3) the communication was concerning the plaintiff; (4) the statement of fact was false; (5) the communication was defamatory; (6) the person(s) receiving the communication understood it to be defamatory; (7) the defendant knew that the communication was false, negligently failed to recognize that it was false; and (8) the communication caused actual injury to the plaintiff's reputation. UJI 13-1002 NMRA.

Moreover, as the Superintendent of Schools for the Gallup-McKinley County Schools, Hyatt is a public official. *See Collins v. Taos Bd. of Educ.*, 893 F. Supp. 2d 1193, 1203–04 (D.N.M. 2012) (holding that school superintendent is "public official" for purposes of defamation law). As a public official, to bring a successful defamation action, Hyatt needs to prove not only that K12's statements were false and defamatory, but also that K12 acted with "actual malice" – with knowledge of the statements' falsity or with reckless disregard of the truth. *Id*. at 1204. *See also New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964) ("The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made

3

with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not.").

Under New Mexico law, to state a claim for defamation, a plaintiff "must plead precisely the statements about which they complain." *Andrews v. Stallings*, 1995-NMCA-015, ¶ 14, 119 N.M. 478. As such, "[d]efamation pleading requirements have a 'tradition of greater factual detail and specificity with regard to most elements of the complaint than might otherwise be true in civil actions." *Id.* (citing Rodney A. Smolla, *Law of Defamation* § 10.05[5], at 12-26.1 (1994)). In *Andrews*, the New Mexico Court of Appeals held that defendants "do not bear the burden to discern" how a plaintiff has been defamed where the plaintiff has failed to specify any particular statement. *Id.* ¶¶ 13-14.

The Tenth Circuit has similarly found that general allegations of defamatory statements are insufficient to plead a defamation claim. *See Pike v. City of Mission, Kansas*, 731 F.2d 655, 661 (10th Cir. 1984) (*overruled on other grounds as stated in Baker v. Board of Regents*, 991 F.2d 628, 633 (10th Cir.1993)) (holding that allegations that the plaintiff's reputation was damaged due to representations "to third persons and to the public that the fault claimed and defamatory statements made by [the p]laintiff were true" was "inadequate … because it pleads insufficient facts concerning time, place, actors, or conduct to enable defendants to respond"); *see also McGeorge v. Continental Airlines, Inc.*, 871 F.2d 952 (10th Cir. 1989) (stating that a defamation complaint must provide "sufficient notice of the communications complained of to allow [the defendant] to defend itself").

Hyatt's defamation claim must be dismissed because he failed to plead facts to support his allegations of defamation. Hyatt does not identify any facts that K12 allegedly made about him, Hyatt does not aver who at K12 stated those facts or when, and Hyatt does not state who exactly

4

K12 communicated those facts to. (*See generally* Compl.) Instead, he makes vague references to "untrue statements" made by "Defendants" in an ethics complaint, media reports, and communications to parents. (*See id.* at ¶¶ 107-113, 199-200.) Thus, Hyatt fails to sufficiently plead a single allegation of defamation in the Complaint, which requires dismissal of his claim for defamation against K12.

**B.     Hyatt's Defamation Claim Must Be Dismissed Because He Failed to Plead Sufficient Facts to Support His Claim for Actual Injury to His Reputation.**

Hyatt's defamation claim is subject to dismissal for another similar, yet independent reason: he also fails to plead facts to establish actual injury to his reputation as a result of K12's allegedly defamatory statements.

"The primary basis of an action for libel or defamation is contained in the damage that results from the destruction of or harm to that most personal prized acquisition, one's reputation." *Fikes v. Furst*, 2003-NMSC-033, ¶ 12, 134 N.M. 602 (internal quotation marks and citation omitted). "Thus, no matter how opprobrious a defendant's statement may be, a plaintiff is not entitled to recover damages unless he or she can show that it caused an injury to reputation." *Id.* Further, under *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974), "States may not permit recovery of presumed or punitive damages." *See Smith v. Durden*, 2012-NMSC-010, ¶ 14 (citing *Gertz* at 349). In *Smith*, the New Mexico Court of Appeals discussed how New Mexico law is in accord with this proposition, requiring that a plaintiff show actual damages and foreclosing recovery of presumed damages. *Id.* ¶¶ 28-30 (citing *Fikes*, 2003-NMSC-033, ¶ 12). Accordingly, under *Smith*, "injury to reputation is the very essence of the tort of defamation." *Id.* ¶ 1. *See Poorbaugh v. Mullen*, 99 N.M. 11, 20, 653 P.2d 511 (N.M. Ct. App. 1982) (explaining that that a plaintiff bringing a defamation claim must "plead and provide special damages in order to recover them").

Here, Hyatt has not pled facts to support any claim that he suffered actual injury to his reputation. Instead, Hyatt rather obliquely alleges that K12's defamation resulted in a New Mexico Public Education Department licensure complaint against him, which has "adversely affected his liberty interests in his reputation and employment." (Compl. at ¶ 111.) Whatever "his liberty interests in his reputation and employment" might mean, it cannot mean that Hyatt's employment was terminated, as he alleges earlier in his Complaint that he "is employed as the Superintendent of Schools for the Gallup-McKinley County Schools." (*Id.* at ¶ 2.) Furthermore, in the defamation claim itself, Hyatt merely makes the conclusory allegation that "[t]hese statements have cause [sic] actual injury to Plaintiff Hyatt" and seeks "actual and punitive damages as proven at trial." (*Id.* at ¶ 205 and the WHEREFORE paragraph immediately thereafter.)

Because Hyatt has failed to plead an actual injury to his reputation, he fails to state a claim for defamation under New Mexico law.

**C.     Hyatt's Defamation Claim Must Be Dismissed Because He Failed to Plead Sufficient Facts to Support His Claim of Actual Malice.**

As mentioned above, as a public official, Hyatt has the additional burden of pleading and proving "actual malice" on the part of K12 to prevail on his claim of defamation. *See Collins*, 893 F. Supp. 2d at 1204; (explaining that school superintendents are "public official[s]" for purposes of defamation law, which requires them to prove that the allegedly false and defamatory statements were made with "actual malice" – with knowledge of the statements' falsity or with reckless disregard of the truth); *Sullivan*, 376 U.S. at 279–80 ("The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not.").

"[A]fter *Iqbal* and *Twombly*, every circuit that has considered the matter has applied the *Iqbal/Twombly* standard and held that a defamation suit may be dismissed for failure to state a claim where the plaintiff has not pled facts sufficient to give rise to a reasonable inference of actual malice." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) (citing, among other cases, *McDonald v. Wise*, 769 F.3d 1202, 1220 (10th Cir. 2014)).

Hyatt does not meet this standard. In the Complaint, Hyatt alleges "malice" against K12 only twice: in paragraphs 112 and 201. (*See* Compl. at 112 and 201.) Both of these paragraphs claim that "malice" is established because Defendants engaged in a "conspiracy" to attack Hyatt. (*Id.*). This generalized allegation of conspiracy is far from alleging factual support for actual malice. Furthermore, there is nothing inherent in the allegation that more than one person engaged in defamation that somehow elevates it to the level of actual malice. In short, Hyatt "has not pled facts sufficient to give rise to a reasonable inference of actual malice," requiring dismissal of his defamation claim for this additional reason. *See NYP Holdings, Inc.*, 816 F.3d at 702.

### III. CONCLUSION

Accordingly, K12 respectfully requests that this Court enter an order dismissing Hyatt's defamation claim against it with prejudice and grant such further relief as the Court deems just and proper.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By  _____/s/ Krystle A. Thomas_____
       Nelson Franse
       Krystle A. Thomas
       Jack Brant
P. O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
nfranse@rodey.com

kthomas@rodey.com
jbrant@rodey.com
*Attorneys for Defendant Stride, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2025, I filed the foregoing pleading electronically through the Court's CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____ */s/ Krystle A. Thomas*
Krystle A. Thomas