**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BOARD OF EDUCATION FOR
THE GALLUP-MCKINLEY COUNTY
SCHOOLS and MICHAEL HYATT as
its Superintendent of Schools,

        Plaintiffs,

v.                                                                              Case No. 1:25-cv-00890-MLG-DLM

STRIDE, INC., a Delaware limited liability
company d/b/a K12 VIRTUAL SCHOOLS,
LLC, JAMES RHYU, as the Chief
Executive Officer and Chair of the Board of
Directors of Stride, Inc., PETER STEWART
As the Senior Vice President of School
Development for Stride, Inc., RYAN
STUTLER, as the Vice President of Finance
for Stride, Inc., and ADAM HAWF, as its
Superintendent of Schools,

        Defendants.

## DEFENDANT STRIDE, INC./K12 VIRTUAL SCHOOLS LLC'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

Defendant "Stride, Inc., a Delaware limited liability company d/b/a K12 Virtual Schools, LLC"[1] ("K12") submits this reply in support of its Motion to Compel Arbitration and Stay Proceedings ("Motion") as follows:

---

[1] Stride, Inc. is incorrectly identified in the caption of the Complaint as being the same entity as K12 Virtual Schools, LLC. (*See* Complaint at 1 ("Stride, Inc., a Delaware limited liability company d/b/a K12 Virtual Schools, LLC.") and para. 3 ("Defendant Stride, Inc. d/b/a K12 Virtual Schools, Inc. . . . is a for-profit business soliciting and doing business in the State of New Mexico providing virtual educational services.").) As noted in Defendants' Amended Notice of Removal, dated September 26, 2025, Stride, Inc. is a Delaware corporation, not a limited liability company, and K12 Virtual Schools, LLC is a subsidiary of Stride, Inc. not its d/b/a. (*See* Am. Not. of Removal, Dkt. No. 5, at 1 n.2.) Plaintiffs make clear throughout the Complaint that the entity to which the Board's claims are addressed is K12 Virtual Schools, LLC (the Board's contractual counterparty) and not Stride, Inc., K12's parent company. (*See, e.g*., Compl. ¶8 ("Stride . . . contracted with Plaintiff Board of Education . . . to provide virtual educational services for students enrolled with the Gallup-McKinley County Schools."), ¶14 ("Paragraph 9.2 of the Agreement with the School District provided that Defendant Stride is solely responsible to employ and supervise its employees . . . ."), and ¶16 ("Paragraph 9.6 of the Agreement with the School District provided that Defendant Stride would arrange and pay for all background checks of its applicants and employees . . . ").) This reply therefore refers to the first Defendant as "K12."

- K12 filed its Motion on October 6, 2025. (*See* 10/6/25 Mot., Dkt. No. 8.)

- Plaintiff Michael Hyatt's response to the Motion was due on October 20, 2025. *See* D.N.M. LR-Civ. 7.4(a).

- Plaintiff Michael Hyatt failed to file a response to the Motion as of the filing of this October 22, 2025, Reply. (*See generally* Docket.)

- District of New Mexico Local Federal Rule 7.1(b) states that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."

- The Motion itself provides the basis for granting the Motion, and this Reply incorporates those arguments by reference.

Accordingly, K12 respectfully requests that this Court enter an order compelling Plaintiffs to submit their claims against K12 to arbitration, and staying this proceeding until such arbitration has been completed in accordance with the terms of the arbitration agreement.

        Respectfully submitted,

        RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

        By     */s/ Krystle A. Thomas*
            Nelson Franse
            Krystle A. Thomas
            Jack Brant
P. O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
nfranse@rodey.com
kthomas@rodey.com
jbrant@rodey.com
*Attorneys for Defendant Stride, Inc./K12 Virtual Schools LLC*

CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2025, I filed the foregoing pleading electronically through the Court's CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By  */s/ Krystle A. Thomas*
     Krystle A. Thomas