IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOARD OF EDUCATION FOR THE GALLUP-
McKINLEY COUNTY SCHOOLS and
MICHAEL HYATT as its Superintendent of
Schools,

        Plaintiffs,

v.                                              Case No. 1:25-cv-00890-MLG-DLM

STRIDE, INC., a Delaware limited liability
company d/b/a K12 VIRTUAL SCHOOLS, LLC,
JAMES RHYU, as the Chief Executive Officer
and Chair of the Board of Directors of Stride, Inc.,
PETER STEWART As the Senior Vice President
of School Development for Stride, Inc., RYAN
STUTLER, as the Vice President of Finance for
Stride, Inc., and ADAM HAWF, as its
Superintendent of Schools,

        Defendants.

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR
## MOTION FOR LEAVE TO FILE RESPONSES

      While simply ignoring their own filing of a pleading under seal without leave of Court under the CM/ECF system [Doc. 8], Defendants now tout the virtue of technical compliance with procedural rules in their Response to Plaintiffs' Motion [Doc. 28]. *See* CM/ECF Adm. Proc. Manual para. 9(h)(1) & (2) ("leave of Court required to file documents under seal except under FED. R. CIV. P. 5.2(F), FED. R. CRIM. P. 49.1, or statute."), *quoted in Grado v. Clear Diamond, Inc.*, 2023 WL 2973927, at *1 (D.N.M. Apr. 17, 2023) (not reported). The crux of the dispute is the application of the mailing rule for service of motions outside of the CM/ECF system. Here, Defendants offer nothing to refute that supplemental service was required or show that they have been prejudiced in some manner. *See VFS Leasing Co. v. G.F. Kelly, Inc.*, 2007 WL 2069842, at *7 (M.D. Ala. July 13, 2007) (not reported) (it makes no sense to impose the burden on a party to prove a negative as

an affirmative defense). All Defendants advocate for in response to deny the Motion is for hyper-technical compliance with the rules replacing this Court's consideration of the merits.

The arguments for determining if the mailing rule applies or not does not apply under the Local Rules belies the overall standard that "[a]lthough practitioners are expected to carefully comply with procedural rules, case law interpreting those rules is founded upon a policy which favors deciding cases on the merits as opposed to dismissing them because of minor technical defects." *Denver & Rio Grande W. R. Co. v. Union Pac. R. Co.*, 119 F.3d 847, 848 (10th Cir. 1997), *citing, Foman v. Davis,* 371 U.S. 178, 181–82 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."); *see also United States v. Libretti*, 161 F.3d 18 (10th Cir. 1998). This Court has held that based on this standard, "the Court must decide the motion on the merits." *JL through Thompson v. New Mexico Dep't of Health*, 2014 WL 12798356, at *1 (D.N.M. Jan. 16, 2014) (not reported); *see Coats v. Tillery Chevrolet GMC, Inc.*, 2009 WL 10666046, at *2 (D.N.M. Sept. 28, 2009) (same) (not reported). "The ends of justice are not served when forfeiture of just claims because of technical rules is allowed." *Travelers Indem. Co. v. U.S., for Use of Constr. Specialties Co.*, 382 F.2d 103, 106 (10th Cir. 1967). "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment." *Overseas Motors, Inc. v. Imp. Motors Ltd., Inc.*, 375 F. Supp. 499, 515 (E.D. Mich. 1974), *aff'd sub nom. Overseas Motors, Inc. v. Imp. Motors Ltd., Inc*, 519 F.2d 119 (6th Cir. 1975), *quoting Maty v. Grasselli Chemical Co.*, 303 U.S. 197, 200-201 (1938). As such, since all the pleadings associated with the current motions have

been filed and argued, there is no prejudice for the Court to address the motions on the merits. Thus, good cause exists to grant this Motion.

For these reasons, Plaintiffs respectfully request the Court grant the additional time provided under FED.R.CIV.P. 6(d) to respond to the Motions [Docs. 7, 8 and 9], making the filed Responses [Docs. 25, 26 and 27] timely filed.

>Respectfully submitted,
>
>HIMES, PETRARCA & FESTER, CHTD.
>
>By:   */s/ Andrew M. Sanchez*
>     ANDREW M. SANCHEZ
>     5051 Journal Center Blvd. NE, Suite 320
>     Albuquerque, New Mexico 87109
>     (505) 259-2069
>     asanchez@edlawyer.com
>
>**ATTORNEYS FOR PLAINTIFFS THE BOARD OF EDUCATION FOR THE GALLUP-MCKINLEY COUNTY SCHOOLS AND MICHAEL HYATT, SUPERINTENDENT OF SCHOOLS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed through the Court's CM/ECF system, which caused all parties or counsel to be served via electronic means on November 10, 2025, as more fully reflected on the Notice of Electronic Filing.

HIMES, PETRARCA & FESTER, CHTD.

By:   */s/ Andrew M. Sanchez*
     ANDREW M. SANCHEZ