IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOARD OF EDUCATION FOR THE GALLUP-
McKINLEY COUNTY SCHOOLS and
MICHAEL HYATT as its Superintendent of
Schools,

          Plaintiffs,

v.                                                                        Case No. 1:25-cv-00890-MLG-DLM

STRIDE, INC., a Delaware Corporation d/b/a K12          **JURY DEMANDED**
VIRTUAL SCHOOLS, LLC, JAMES RHYU, as
the Chief Executive Officer and Chair of the Board
of Directors of Stride, Inc., PETER STEWART As
the Senior Vice President of School Development
for Stride, Inc., RYAN STUTLER, as the Vice
President of Finance for Stride, Inc., and ADAM
HAWF, as its Superintendent of Schools,

          Defendants.

<u>**PLAINTIFFS' RESPONSE TO DEFENDANT HAWF'S MOTION TO DISMISS**</u>

       COME NOW Plaintiffs, Board of Education for the Gallup-McKinley County Schools, and

Michael Hyatt, as its Superintendent of Schools (collectively "School District"), by and through

their attorneys of record, Himes, Petrarca & Fester, Chtd. (Andrew M. Sanchez), and as their

Response to Defendant Adam Hawf's Motion to Dismiss, state as follows:

I.      **THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT HAWF**

       This Court has specific personal jurisdiction over Defendant Adam Hawf concerning the

events described in the Complaint and the Amended Complaint [*Doc* 1-1 pp. 2-58 and *Doc* 39].

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must

show that jurisdiction is legitimate under the laws of the forum state **and** that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Strobel v. Rusch*, 364 F. Supp. 3d 1270, 1278 (D.N.M. 2019), *quoting Davis v. USA Nutra Labs*, 2016 WL 9774945, at *3 (D.N.M. Dec. 21, 2016) (emphasis in original); *see McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, (1936); *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). This is because Defendant Hawf has personally and purposefully directed contacts to New Mexico on a consistent, continuing, and regular basis and, as a result, the School District and New Mexico children have suffered harm. The School District's burden to demonstrate that personal jurisdiction exists is not an onerous one as this case is in the early stage of litigation before discovery, and the School District need only make a *prima facie* showing of personal jurisdiction. *See Strobel,* 364 F.Supp.3d at 1278. Here, New Mexico's long-arm statute "'extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible,' such that jurisdiction is authorized by the long-arm statute only if it is permitted under the Due Process Clause." *Id.*, *quoting Tercero v. Roman Catholic Diocese*, 2002-NMSC-018, ¶ 6, 132 N.M. 312, 316, 48 P.3d 50, 54 (N.M. 2002) (citing *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)). "To satisfy Due Process requirements, the defendant must have (1) sufficient minimum contacts with the forum state (2) such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Strobel,* 364 F.Supp.3d at 1278-79, *quoting McManemy v. Roman Catholic Church of Diocese of Worcester*, 2 F.Supp.3d 1188, 1198 (D.N.M. 2013) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

When considering a motion to dismiss for lack of personal jurisdiction, the Court must accept as true all well pleaded facts alleged by the School District unless the Defendant controverts those facts by affidavit. *Id.* Notably, Defendant Hawf's affidavit does not dispute any allegations

made against him in Plaintiffs' Complaint and Amended Complaint.  *See* [*Doc* 1-1 pp. 2-58 and

*Doc* 39][1].  As such, the School District has met this light burden, and the Motion should be denied.

A.    **THIS COURT HAS SPECIFIC PERSONAL JURISDICTION OVER DEFENDANT HAWF.**

Due process requirements are satisfied against Defendant Hawf, because he has sufficient

minimum contacts with New Mexico such that maintenance of the School District's suit against

him does not offend traditional notions of fair play and substantial justice.  *See Burger King Corp.*

*v. Rudzewicz,* 471 U.S. 462, 472-473 (1985) (a forum may legitimately exercise personal

jurisdiction over a nonresident who purposefully directs his activities toward forum residents).  As

described below, Defendant Hawf has extensive, continuing and sufficient contacts with New

Mexico that he should reasonably anticipate being subject to suit in this Court.  He has purposefully

directed his activities to and interacted with New Mexico residents, including school districts and

through services to New Mexico children, and this case results from substantial injuries related to

his activities.

Defendant Hawf is the Superintendent of Schools for Stride K12.  *See* [*Doc* 1-1 at p. 3; ¶

5 and *Doc* 39 at ¶ 5].  He works in partnership with school districts to provide personalized virtual

learning experiences.  *See* Press Release quoting Defendant Hawf and his current partnerships with

New Mexico school districts here: https://s26.q4cdn.com/126400783/files/doc_news/Stride-Inc--

Signs-Multi-District-Agreements-to-Operate-K12-Powered-Online-School-in-New-Mexico-

2025.pdf. Furthermore, Defendant Hawf has also written an article in which he describes his role

in launching specialized schools and developing personalized and rigorous educational programs

---

[1]  Defendant Hawf's affidavit does not dispute his position with Defendant Stride and does not dispute any of the Zoom conversations alleged in Plaintiffs' Complaint and Amended Complaint and implication of his direction and approval of illegal actions and facts giving rise to Plaintiffs' claims.  [*Doc* 1-1 pp. 2-58, ¶¶ 11-120 and *Doc* 39, ¶¶ 11-125]

for students including those with special needs: https://www.eschoolnews.com/digital-learning/2024/08/30/virtual-academies-remove-barriers-unlock-student-potential/. Accordingly, Defendant Hawf has made and continues to make executive and management decisions about virtual programs implemented in the State of New Mexico. *See id.*

Defendant Hawf partnered with the School District to implement the Destinations Career Academy of New Mexico (the "Program"), and Defendants' failure to implement that program as promised and as required by federal and State law is the focus of this dispute.[2] Defendant Hawf's specific actions to implement the Program included continuous communications with Superintendent Hyatt and with a New Mexico Whistleblower, who is a resident and currently employed by Stride K12 in New Mexico to direct the Program locally. *See* [*Doc* 1-1 at pp. 5 and 19, ¶¶ 18 and 71; *Doc* 39 at ¶¶ 18 and 71]. Defendant Hawf met with and provided direction and supervision to the Whistleblower both through telephone conferences, email correspondence and in virtual meetings. One example of email correspondence between Defendant Hawf and the Whistleblower is contained in **Exhibit A** attached hereto that details Defendant Hawf's personal engagement in concerns about staffing the Program with a sufficient number of licensed teachers. *See id.*

Not only did Defendant Hawf work specifically with the Whistleblower to address day-to-day Program concerns, but he also collaborated with other administrators and executives of Stride to provide educational products and services in New Mexico, knowing that the company for which he was Superintendent of Schools was not fulfilling the terms of the contract, was violating New

---

[2] The Destinations Career Academy of New Mexico still exists. *See* https://nmdca.k12.com. Although Plaintiffs' students no longer participate in the program, other New Mexico students are enrolled in the virtual programming supervised by Defendant Hawf.

Mexico and federal law and was harming New Mexico students. *See* [*Doc* 1-1 at pp. 23-24, ¶¶ 98-104; *Doc* 39 at ¶¶ 98-105]. He participated in determinations that a sufficient number of teachers would not be hired for the Program. *See id*. He participated in decisions to attack Plaintiff Hyatt to detract attention away from Defendants' failures. *See* [*Doc* 1-1 at pp. 23-27, ¶¶ 98-120; *Doc* 39 at ¶¶ 98-125]. Not only did Defendant Hawf communicate consistently with the Whistleblower New Mexico resident locally administering the Program, but he also communicated personally with Plaintiff Hyatt in a Zoom call in April, 2025 about the subject of the dispute. *See* [*Doc* 1-1 at p. 26, ¶¶ 115; *Doc* 39 at ¶ 115].

Mr. Hawf's contacts with Plaintiffs and with the State of New Mexico in this case are similar to the sufficient minimum contacts held by this Court in *Strobel,* 364 F.Supp.3d at 1279-1280. In *Strobel,* the defendant participated in organizing and managing the business that was the subject of the dispute, communicated with plaintiffs by mail, internet, and telephone, and pursued a business relationship through these contacts. *Id.* at 1280. In this case, Defendant Hawf participated in the financing, management, and implementation of the Program and by collaborating in this partnership with Plaintiffs, he availed himself of the advantages of transacting business in New Mexico. He purposefully directed communications to New Mexico by virtually meeting, speaking, and emailing with the Whistleblower. He continues to have direct contact to New Mexico in the form of other school district partnerships.

Although Hawf's continued communications were by virtual platform rather than in person, these communications constitute purposeful direction. *See Lawrence v. Next Insurance, Inc.,* 774 F.Supp.3d 237, 252 (D.Mass. 2025) (remote contacts suffice as a substantial connection in another state whenever the defendant deliberately directs his efforts towards the forum state). In *Lawrence*, the district court held that a company CEO who communicated with and supervised

an employee in the forum state over a virtual meeting platform had purposely availed himself of the benefits and protections of the forum state. *See id*. These virtual meetings created specific personal jurisdiction. *See id*. Likewise in this case, Defendant Hawf participated in numerous Zoom meetings with the New Mexico Whistleblower, Plaintiff Hyatt, and others managing the New Mexico Program, and these contacts provide for specific personal jurisdiction. Defendant Hawf's claim that remote contact is not sufficient contact is perplexing. He lives in a different state from Stride's corporate headquarters in Virginia, so his contacts are remote with his own company. Furthermore, the subject of this dispute is an online educational program in which all contacts with students are virtual. In today's world of virtual communication, Zoom meetings, email correspondence, telephone calls, and text messages can clearly constitute sufficient minimum contacts with a forum state. *See id*.

Under both the fiduciary shield doctrine and the no imputed contacts rule, Mr. Hawf's mere status as an executive does not insulate him from personal jurisdiction. *See Newsome v. Gallacher,* 722 F.3d 1257, 1276 (10th Cir. 2013). The Due Process Clause may not be wielded so easily as a territorial shield to avoid interstate obligations that a defendant has assumed. *See Burger King, supra* at 474. Instead, a defendant's contacts within the forum state must be assessed individually. *See Newsome,* 722 F.3d at 1276. The communications alleged in Plaintiffs' Complaint and Amended Complaint and in **Exhibit A**, which are undisputed by Defendant Hawf's affidavit, show that Defendant Hawf had continuous and systematic contacts with the Whistleblower in New Mexico in order to continue the Program in New Mexico and maximize profiteering of public monies at the expense of students.

Furthermore, as Defendant Hawf admits, the fiduciary shield doctrine does not apply when the executive seeking to wield the shield is a primary participant in the alleged wrongdoing

6

intentionally directed at the forum state. *See Smith v. Cutler*, 504 F.Supp.2d 1162, 1169-1170 (D.N.M. 2007). As alleged by the School District and unrebutted by Defendant Hawf, Superintendent of Schools Hawf was a primary participant in interacting with the Whistleblower onsite in New Mexico and interacting with other Stride executives in decision making about the Program and how Stride would react to being asked to remediate its breach of agreement and Program failures. *See* [*Doc* 1-1 at pp. 23-24, ¶¶ 100-105; *Doc* 39 at ¶¶ 100-105].

In *Smith*, the fiduciary shield did not apply because the defendant personally engaged in conduct that led to the dispute and to harm in the forum state. *See Cutler*, 504 F.Supp.2d at 1169-1170. As in *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.,* 514 F.3d 1063, 1076 (10th Cir. 2008), Defendant Hawf purposefully directed his conduct to the forum state, knew the location of his business, and knew that Plaintiffs' injuries arose from his contacts with New Mexico, which New Mexico is the focal point of this dispute. *Id.* at 1076. Defendant Hawf's interactions were individual and personal and therefore the "no imputed contracts" rule does not apply. *See Strobel, supra* at 1282. Additionally, dismissing Defendant Hawf on the basis of the fiduciary shield doctrine makes little sense when, as illustrated by the articles in which he was quoted or wrote himself, Defendant Hawf **was** the business of providing online instruction to Plaintiffs' students in New Mexico. *See Strobel, supra* at 1283. This Court has specific personal jurisdiction over Defendant Hawf.

A. **THE COURT'S EXERCISE OF JURISDICTION COMPORTS WITH FAIR PLAY AND SUBSTANTIAL JUSTICE**

Defendant Hawf bears the burden of showing that exercising personal jurisdiction over him would be unreasonable and must present a compelling case. *See Rusakiewicz v. Lowe,* 556 F.3d 1095, 1102 (10th Cir. 2009) ("such cases are rare."). Defendant Hawf's motion to dismiss provides

no argument that this Court's exercise of personal jurisdiction would offend fair play and substantial justice. In considering reasonableness of exercising personal jurisdiction, the Court considers (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in efficient resolution of controversies and (5) the shared interest of the several states in furthering fundamental social policies. *See Pro Axess, Inc, v. Orlux Distribution, Inc.*, 428 F.3d 1270, 2779-2780 (10th Cir 2005). Litigation in New Mexico will not place a substantial burden on Defendant Hawf. Modern transportation and communication have made it much less burdensome for a party to defend himself in a State in which he engaged in economic activity. *See Burger King, supra* at 474.

New Mexico has a substantial interest in litigating this dispute. Not only have Plaintiffs been harmed by Defendants' failure to provide the promised educational Program, but a substantial number of New Mexico students were harmed and lost educational opportunities that they can never recover but which must be mitigated in compensational services. As noted in the Complaint and in the Amended Complaint, the New Mexico Public Education Department has been informed of Defendants' violations of New Mexico law by the Whistleblower. *See* [*Doc* 1-1 at pp. 19, ¶¶ 72-74; *Doc* 39 at ¶¶ 72-74]; *see also* **Exhibit A**. The Destinations Career Academy of New Mexico continues to operate and do business in New Mexico, with other school districts. *See e.g.*, *Turner W. Branch, P.A. v. Attorney for You,*, 2016 WL 7428214, *6 (D.N.M. 2016) (defendant in doing business here has demonstrated his ability to travel to New Mexico for business as such "the Court finds that forcing Defendant [] to litigate this dispute in New Mexico is neither 'gravely difficult' nor sufficiently 'inconvenient.'") (quoting *Burger King, supra* at 478).

The School District will be required to file lawsuits in separate states if this Court declines jurisdiction, which will be neither convenient nor effective. Personal jurisdiction is necessary to prevent piecemeal litigation. There is a shared interest in litigating in New Mexico because the harm arose from Defendant Hawf's relationship and contacts in New Mexico. Public policies in New Mexico are served by addressing disputes over educating and funding the education of New Mexico students. *See Turner W. Branch, supra* at \*7. As such, this Court has specific personal jurisdiction over Defendant Hawf, because he has personally and purposefully directed contacts to New Mexico on a consistent and regular basis from which the Plaintiffs and New Mexico children have suffered harm.

## II.    DEFENDANT HAWF RECEIVED SUFFICIENT AND TIMELY SERVICE

Defendant Hawf received timely and sufficient service pursuant to RULE 4 of the FEDERAL RULES OF CIVIL PROCEDURE.

### A.    TIMELINE OF SERVICE ATTEMPTS AND COMPLETION.

Below is the timeline of events for successfully serving Defendant Hawf:

August 27, 2025: Wendy Olivas, Himes Petrarca & Fester, Chtd. ("HPF") paralegal sent an email to Defendant's counsel attaching the verified complaint. *See* **Exhibit B**. Later that same day, undersigned counsel sent an email to Defendants' counsel asking if they would accept service for Defendants. *See* **Exhibit C**.

September 15, 2025: Nineteen days later, Defendants' counsel stated that they would accept service on behalf of Stride, Inc., but did not answer regarding the individual defendants. *See* **Exhibit D**.

September 26, 2025: Defendants' counsel filed an amended notice of removal, as ordered by the Court. *See* [*Doc* 5]. That same day paralegal Olivas sent the first attempted service of the verified

complaint packet containing the State Court pleadings and Federal Docs. 1-5 to Defendant Hawf at Stride's office in Herndon, Virginia at the address designated for "official notices" under the parties' agreement that established the Program.  *See* **Exhibit E**.

October 15, 2025:  The service attempt was returned to HPF because corporate offices apparently were moved, without notice to Plaintiffs under parties agreement.  *See* **Exhibit E**.

November 13, 2025:  Paralegal Olivas attempted service again on Defendant Hawf at Stride, Inc.'s new address in Reston, Virginia that she found online.  *See* **Exhibit F**.  This attempted service is the subject of Defendant Hawf's motion to dismiss.

November 17, 2025:  The verified complaint was delivered to Stride, Inc. corporate offices in Reston, Virginia.   Paralegal Olivas had not obtained a summons for the original verified complaint.  *See* **Exhibit F**.

December 12, 2025:  Plaintiffs filed an Amended Complaint.  *See* [*Doc* 39].

December 18, 2025:  Summons to Defendant Hawf was issued by the Clerk of the Court for the Amended Complaint.  Paralegal Olivas sent the Summons and Amended Complaint, Motion for Preliminary Injunction and Brief in Support thereof (Docs. 39-41) both to Stride, Inc.'s Corporate offices in Reston, VA and to Defendant Hawf at the Louisiana residence address she found for him through research. *See* **Exhibit G**.

December 20, 2025:  The Summons and Amended Complaint were delivered to corporate offices in Reston, VA.  *See* **Exhibit H**.

December 22, 2025:  Defendants' counsel filed a special appearance for Defendant Hawf from the same law firm and filed a motion to dismiss based in part on insufficient and untimely service from November.  *See* [*Doc* 46].  On that same date, the Summons and the Amended  Complaint  was  delivered  to  Defendant  Hawf  in Louisiana.  *See* **Exhibit I**.

December 23, 2025:  Defense Counsel filed an appearance on behalf of Defendant Hawf.  *See* [*Doc* 48].

December 24, 2025:  Plaintiffs' counsel filed a Declaration of Service indicating proper service of Defendant Hawf.  *See* [*Doc* 50].

### B. DEFENDANT HAWF WAS PROPERLY SERVED PURSUANT TO FED.R.CIV.P. 4.

FEDERAL RULE OF CIVIL PROCEDURE 81 provides that when a case is removed to federal court, the FEDERAL RULES OF CIVIL PROCEDURE apply. FED.R.CIV. P. 81(c). The U.S. District Court of New Mexico has interpreted this rule and federal law such that Plaintiffs must follow the service requirements of FED.R.CIV.P. 4. *See De Gutierrez v. Albuquerque Public Schs.*, 2108 WL 3647207, *4 (D.N.M. 2018) (after the case was removed, the Federal Rules of Civil Procedure governed service of process), *citing* FED.R.CIV.P. 81(c) and *Baumeister v. New Mexico Comm'n for the Blind,* 409 F. Supp.2d 1351, 1352 (D.N.M. 2006). FED.R.CIV P. 4(e)(1) allows a plaintiff to use either state law **or** the federal rules for delivery of the summons and complaint; *i.e.,* a plaintiff may serve process by following the law for serving summons of the state where the court is located **or** the law of the state where service is made **or** by following the instructions in FED.R.CIV.P. 4. *See Mohon v. Agentra LLC*, 2023 WL 199210, *5 (D.N.M. 2023) (plaintiff may serve process under either state or federal law). Plaintiffs were not required to follow New Mexico state service procedures when serving their federal complaint in Louisiana. As such, service was properly made.

### C. DEFENDANT HAWF RECEIVED SUFFICIENT AND TIMELY SERVICE.

On December 18, appropriate Summons[3] was issued to Defendant Hawf. He received this Summons with Plaintiffs' Amended Complaint. These documents were served on Defendant Hawf on December 22, 2025, the same day his counsel filed a motion to dismiss claiming that he received insufficient process. Documents were served by Certified Priority U.S. mail and left with

---

[3] According to FED.R.CIV.P. 4(b), if the summons is properly completed, the clerk must sign, seal and issue it to Plaintiff for service on the Defendant.

Case 1:25-cv-00890-MLG-DLM    Document 55    Filed 01/05/26    Page 12 of 14


him or another individual at his last known home address in New Orleans, Louisiana. *See* Declaration of Service. *See* [*Doc* 50]. The individual took the package and did not indicate that Defendant Hawf did not reside at the address.

Plaintiffs properly served the Summons and Complaint pursuant to FED.R.CIV.P. 4(e)(2)(B), which provides that service of an individual may be made by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode. Service was timely because it was made within ninety days of removal to federal court. *See De Gutierrez, supra* at *5, *citing* 28 U.S.C. § 1448. The Amended Notice required by this Court was effective on September 26, 2025.[4] Therefore, ninety days for service to be completed fell on December 25, Christmas Day. According to this Court's website, federal holidays included December 25 and December 26, so service was due on December 27, 2025. Defendant Hawf was served on December 22, 2025, within the required ninety days from removal.

### D.    DEFENDANT HAWF HAD A DUTY TO WAIVE SERVICE.

Moreover, pursuant to FED.R.CIV.P. 4(d)(1), Defendant Hawf had a duty to waive the unnecessary expenses of service. His counsel was asked to waive service on August 27, 2025, and his counsel did not respond. A defendant who does not waive service without good cause is required to pay the expenses of making the service, including attorney fees for any motion required to collect those expenses. Given that Defendant Hawf did not waive service and his counsel filed

---

[4] Notably, Defendants claim removal occurred at different times in different motions, depending on what meets their needs for argument. In Hawf's Motion to Dismiss, he claims that the removal date is September 15, 2025 when Defendant Stride unsuccessfully attempted to remove this case to federal court. Defendants were ordered to file an amended notice of removal by September 26 because they had not properly asserted diversity jurisdiction. *See* [*Docs* 3 and 5]. In Defendants' Motion to Strike the Amended Complaint [*Doc* 51], Defendants' counsel then argues that the Notice of Removal was September 26, 2025 for purposes of their deadline of filing an Answer or RULE 12 (b)(6) motion. Despite arguing the correct removal date in **that** motion, Defendants missed their deadline of filing a response to the Complaint (*Doc* 1-1 pp. 2-58).

a motion to dismiss the same day he was served, Plaintiffs ask this Court to order Defendant Hawf to pay the expense of his service. *See id*.

Additionally, if this Court were to find that Defendant Hawf has not been served properly, Plaintiffs ask that this Honorable Court allow them to serve Defendant Hawf under the New Mexico Rules of Civil Procedure, by email. *See Mohon, supra* at *5 (if Plaintiff does not assert that service of process is pursuant to the federal rules, the court will look at New Mexico law) and N.M. Supreme Court Order 0012 (N.M. 2025) (amending RULE 1-004 (F)(4) NMRA to include service by social media, email, or text message). Like the court in *Lawrence, supra,* the amended rule recognizes the current technological and virtual nature of today's daily life.

WHEREFORE, Plaintiffs respectfully request that this Court:

(1)    Deny Defendant Hawf's Motion to Dismiss because this Court has personal jurisdiction over Defendant Hawf and because he has been properly served;

(2)    Order Defendant Hawf to pay Plaintiffs' reasonable costs of service for failure to waive service; and

(3)    In the alternative, if this Court finds that Defendant Hawf was not properly served, allow Plaintiffs to utilize the new RULE 1-004 NMRA and serve Defendant Hawf at his email address provided in **Exhibit A**.

Respectfully submitted,

HIMES, PETRARCA & FESTER, CHTD.


By: ___/s/ Andrew M. Sanchez_____
        ANDREW M. SANCHEZ
        5051 Journal Center Blvd. NE, Suite 320
        Albuquerque, New Mexico  87109
        (505) 259-2069
        asanchez@edlawyer.com

        **ATTORNEYS FOR THE BOARD OF EDUCATION
        FOR THE GALLUP-MCKINLEY COUNTY
        SCHOOLS AND SUPERINTENDENT OF
        SCHOOLS MICHAEL HYATT**


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed through the Court's CM/ECF system, which caused all counsel of record to be served via electronic means on January 5, 2026, as more fully reflected on the Notice of Electronic Filing.


HIMES, PETRARCA & FESTER, CHTD.

By: ___/s/ Andrew M. Sanchez_____
        ANDREW M. SANCHEZ